UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIMANSHU HIMANSHU, | No.  1:26-cv-00090-DJC-EFB (HC) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Pending before the court is petitioner's petition for writ of habeas corpus, in which petitioner, a noncitizen alien, challenges his detention under 28 U.S.C. § 2241.  ECF No. 1.  On January 9, 2026, the District Court converted petitioner's motion for temporary restraining order into a motion for preliminary injunction and granted it; ordered respondents to immediately release petitioner from custody; ordered that respondents shall not impose any additional restrictions on petitioner unless that is determined to be necessary at a future pre-deprivation/custody hearing; and enjoined respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing, at which the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, at which hearing petitioner shall be allowed to have his counsel present.   ECF No. 9.

////

1

Subsequently, respondents filed an opposition to the petition, ECF No. 11, and petitioner has filed a reply. ECF No. 12. For the reasons set forth below, the undersigned finds petitioner has demonstrated his entitlement to relief and recommends the petition be granted.

**BACKGROUND**

In his petition, petitioner alleges that he is a citizen and national of India who entered the United States in January 2023. ECF No. 1 ¶¶ 52-53. He was briefly detained by Customs and Border Protection and released on his own recognizance. ECF No. 1 ¶¶ 54-55. At the time of his release, he was served with a Notice to Appear that designated him as "an alien present in the United States who has not been admitted or paroled" and charged him with removability. ECF No. 1 ¶¶ 59-61. Since then, petitioner has filed a Form I-589, Application for Asylum, with the immigration court, and his wife has filed a I-130 petition on behalf of petitioner. ECF No. 1 ¶¶ 59-61. He has obtained authorization for employment and has obtained employment. ECF No. 1 ¶¶ 62, 63. He has complied with all the conditions of his supervision and accrued no criminal history. ECF No. 1 ¶¶ 69-71.

On November 4, 2025, petitioner reported to an Immigration and Customs Enforcement (ICE) office and was arrested. ECF No. 1 ¶ 65.

Petitioner initiated this action on January 6, 2026, ECF No. 1, and, the following day, moved for a temporary restraining order. ECF No. 4. On December 23, 2025, the District Court issued a minute order directing respondents to inform the court whether they opposed conversion of the motion for temporary restraining order to a motion for preliminary injunction and whether there were any factual or legal issues in this case that render it distinct from the Court's orders in the cases, *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR; *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK; *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD; and *Souza v. Robbins*, No. 1:25-cv-01597-DJC-JDP. ECF No. 5. On January 9, 2026, respondents filed an opposition to the motion for temporary restraining order. ECF No. 7. Respondents did not indicate opposition to converting the motion for temporary restraining order to a motion for preliminary injunction. *Id*.

/////

/////

2

On January 9, 2026, the District Court granted the motion for preliminary injunction by minute order, ordering:

> Given Respondents have not identified any material factual or legal issues in this case that render this case distinct from the prior cases cited in the Court's prior minute order (*see* ECF No. 7) and for the reasons stated in the orders in those prior cases (*see* ECF No. 5), IT IS HEREBY ORDERED that Petitioner's Motion for Temporary Restraining Order (ECF No. 4 ) is converted to a Motion for Preliminary Injunction and is GRANTED. Respondents are ORDERED to immediately release Petitioner Himanshu Himanshu from their custody. Respondents shall not impose any additional restrictions on him, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

ECF No. 9.  The District Court referred the matter to the undersigned for further proceedings, *id*., and, on January 12, 2026, the undersigned directed respondents to file a response to the petition and set a deadline for petitioner to file any reply.  ECF No. 10.  On February 2, 2026, respondents filed an opposition to the petition, ECF No. 11, and, on February 12, 2026, petitioner filed a reply.  ECF No. 12.

## LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

## DISCUSSION

The petition for writ of habeas corpus raises four claims for relief: that his detention violates his substantive due process rights (claim one) and procedural due process rights (claim two) under the Fifth Amendment, his rights to be free of warrantless searches and seizures under the Fourth Amendment (claim three), and the Administrative Procedures Act (claim four).  ECF No. 1.  Based on the record before the court, the undersigned finds that petitioner has shown that

his detention violates his right to procedural due process under the Fifth Amendment, ECF No. 1 at 15-16, and recommends the writ be granted.

Petitioner has shown by a preponderance of evidence that his detention without a bond hearing violates his right to procedural due process under the Fifth Amendment. *See* ECF No. 1 at 15-16. To determine whether detention violates a petitioner's Fifth Amendment procedural due process rights, courts weigh: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). For the reasons set forth in the District Court's December 11, 2025 Order in *Garcia Mariagua v. Chestnut*, No. 1:25-CV-01744-DJC-CSK, 2025 WL 3551700, at *2 (E.D. Cal. Dec. 11, 2025), petitioner has shown that he has a substantial protected liberty interest in his freedom from detention. *See* ECF No. 5; *see also Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, at 6 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-CV-01597-DJC-JDP, 2025 WL 3263897, at *3 (E.D. Cal. Nov. 23, 2025). Since petitioner's release after his initial entry to the United States, petitioner developed "enduring attachments of normal life" legally indistinguishable from those experienced by a criminal parolee. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

Respondents argue that, notwithstanding this, petitioner's detention is lawful under 8 U.S.C. § 1225(b). ECF No. 11 at 2-4. For the reasons set forth in the District Court's November 19, 2025 Order in *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025), the undersigned finds that the mandatory detention provision of 8 U.S.C. § 1225(b)(2) does not apply to petitioner, as he is not an "applicant for admission" within the meaning of § 1225(a)(1). *See* ECF No. 5. Section 1225(b)(2) does not properly apply to persons like petitioner who had been previously admitted to the United States, then released by DHS authorities; rather, § 1225(b)(2) only applies to those aliens "seeking admission" to the United States. *See Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D.

4

Cal. Sept. 12, 2025) (collecting cases); *see also Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059, at *2-4; *Garcia Mariagua v. Chestnut*, No. 1:25-CV-01744-DJC-CSK, 2025 WL 3551700, at *2 (E.D. Cal. Dec. 11, 2025).  To construe § 1225(b)(2) to mandate detention for persons like petitioner is untenable under principles of statutory construction, as it "(1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025)).  For these reasons, respondent has not shown that petitioner's protected liberty interest is abrogated by 8 U.S.C. § 1225(b).

Petitioner also has demonstrated that the second *Mathews* factor weighs in his favor. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable.  Petitioner's detention is only justified when the noncitizen poses a flight risk or a danger to the community.  *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690.  Without an individualized bond determination by a neutral factfinder in order to determine whether his continued detention is legally justified, the risk of erroneous deprivation of petitioner's protected liberty interests is great.  *See Garcia Mariagua*, No. 1:25-CV-01744-DJC-CSK, 2025 WL 3551700, at *3-4; *Ortega*, No. 1:25-cv-01663-DJC-CKD, at 6-7; *Souza*, No. 1:25-CV-01597-DJC-JDP, 2025 WL 3263897, at *3 (E.D. Cal. Nov. 23, 2025); *see also Demore*, 538 U.S. 510; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high.  *See Garcia Mariagua*, No. 1:25-CV-01744-DJC-CSK, 2025 WL 3551700, at *3-4; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner also has shown that the third *Mathews* factor weighs in his favor. "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez*, 872 F.3d at 994. The effort and cost required to provide petitioner with procedural safeguards are minimal. *See Lopez*, 2025 WL 3124116, at \*4; *Khan v. Noem, et al.*, No. 1:25-CV-01411-EPG-HC, 2025 WL 3089352, at \*7 (E.D. Cal. Nov. 5, 2025) ("In immigration court, custody hearings are routine and impose a 'minimal' cost." (citations omitted)).

Accordingly, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his detention violates his rights under the Due Process Clause of the Fifth Amendment, entitling him to relief on the second claim of his petition.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1)  Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2)  Respondents be ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

6

"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 6, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE